

# THE ATTORNEY GENERAL
# OF TEXAS

**GERALD C. MANN**
~~WILL WILSON~~
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. 0-1086
Re: Can the Reagan County Independent School District Trustees, under the facts set forth, legally receive compensation for board meetings?

This will acknowledge receipt of your letter with request for an opinion, which is as follows:

"The Reagan County Independent School District is a district that comprises the entire county. The Board of Trustees of the district perform all of the functions of a County Board of Trustees for the schools in the county. There are a total of five schools in the county.

"The members of the Reagan County Independent School District Board are forced to travel anywhere from twenty to seventy miles, round trip, for each meeting, and I should say the average meeting lasts six to eight hours, as they meet during the 'day time', which also takes them away from their regular work. I should surely appreciate an opinion on whether they can be legally compensated for board meetings under the existing laws, and if they cannot legally receive compensation, what steps would be necessary to legally establish compensation for at least the regular meetings? There is no school board in the county except the regular board described above."

In a reply to the request made, we shall divide it into the two propositions as outlined in the second paragraph of your letter:

1. Can the board of trustees of the Reagan County Independent School District be legally compensated for attending board meetings under the existing law?

2. If the members of the board of trustees of the Reagan

County Independent School District cannot legally receive compensation now, what steps will be necessary in order that they might be legally compensated?

In the study of the questions propounded, we will first look to the act creating the Regan County Independent School District which is found at page 456 of the Special Laws of the 39th Legislature, Regular Session, 1925, and was House Bill No. 470, Chapter 155. The caption of the Act in question reads in part:

"Providing for a board of trustees for said district to serve until the time for the next election of school trustees in independent school districts as provided by general law; authorizing the said Reagan County Independent School District to hold an election to determine whether or not said district shall assume and make provision for the payment of outstanding indebtedness of the territory incorporated herein; validating and continuing in force current contracts and tax levies of districts included in the Reagan County Independent School District for the present scholastic year, etc."

And Section 3 of the body of the Act provides:

"The said Reagan County Independent School District, as created by this Act, shall have and exercise and is hereby vested with all the rights, powers, privileges and duties of a town incorporated under the General laws of this State for free school purposes only, and the board of trustees of the said Reagan County Independent School District shall have and exercise all the rights, powers, privileges and duties conferred and imposed by the General Laws of Texas upon the trustees of independent school districts incorporated under the General Laws of the State for free school purposes only."

Thus it can be seen that the Board of Trustees of the Reagan County Independent School District was first given all of the powers, privileges and duties of a town incorporated under the General Laws of the State for free school purposes only.

For the purpose of answering the questions propounded, we must look to the authority and powers then given and are now given to boards of school trustees of towns incorporated under General Laws of this State for free school purposes only for powers there granted and in addition to this we must look as well to the General Laws of Texas then in force or now in force in that regard for the reason that this clause of the authority given requires that this school district shall con-

form to the General Laws of the State in that respect.

The General Law then in force with regard to the rights, powers, privileges and duties of school trustees of an incorporated town, incorporated for free school purposes only, are covered by Article 2851 through article 2854 of the Revised Civil Statutes of 1911. At the same Session of the Legislature that created the district, the laws were recodified, and we are thus brought to the General Law now covering districts of this kind, which is known as Article 2757 of the Revised Civil Statutes of 1925.

This law grew out of and was a reenactment of the Acts of 1905, General Laws, at page 263, and makes no provision for the payment of compensation to school trustees of a town incorporated for free school purposes only.

We now come to the next power given to the Board of Trustees of the Reagan County Independent School District as granted in the second part of Section 3 of the Enabling Act, which is as follows:

"Said Reagan County Independent School District Trustees shall have and exercise all of the rights, powers, privileges and duties conferred and imposed by the General Laws of Texas upon the trustees of independent school districts incorporated under the General Laws of the State for free school purposes only."

As to what compensation, if any, is allowed to trustees of independent school districts, created by the General Laws of the State of Texas, your attention is called to Article 2775 of the Revised Civil Statutes of Texas as now in force, which Article is as follows:

"In each independent district that shall hereafter be organized, the county judge of the county in which said independent district is situated shall order an election for seven trustees, who shall constitute the school board of such district, and all of whom shall serve without compensation. All of the qualified voters of each such district shall be entitled to vote at any election for trustees hereunder." (Underscoring ours)

This law was enacted by the Legislature in 1905 and appears at page 263 of the General Laws.

Chief Justice Gaines of the Supreme Court of Texas in the case of Harkness v. Hutcherson, et al, 38 S.W. 1120, 1121, made the following observation:

"The trustees of school communities act under various restricted powers, and have control of the school funds which the law carefully fosters and zealously guards."

We, therefore, can see that the board of school trustees of the district in question would not be permitted to issue a warrant against the funds of the district except in cases that are permitted and allowed specifically by law.

In keeping with the statutes above quoted and the holding of the court as above stated, we must, as a matter of law, hold that there is now no authorization by law for the trustees of the school district in question to be compensated for the duties performed by them.

We come now to the answer of the last proposition propounded:

"If the members of the board of trustees of the Reagan County Independent School District cannot legally receive compensation now, what steps will be necessary in order that they might be legally compensated?"

In reply thereto, we hold that this is a matter for the Legislature, and not for this Department to pass upon.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Geo. S. Berry
Geo. S. Berry
Assistant

GSB:N:wc

APPROVED AUG 7, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/RWF Chairman